[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**January 9, 2006**
**THOMAS K. KAHN**
**CLERK**

_____

No. 05-10137
Non-Argument Calendar

_____

D. C. Docket No. 03-20525-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAUREEN GRAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 9, 2005)**

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Maureen Gray appeals the district court's denial of her motion for a new trial

based upon newly discovered evidence.  After review, we affirm.

Gray, an airport baggage handler, was tried and convicted of two counts of knowingly and intentionally attempting to import cocaine.  During her trial in November 2003, the government introduced into evidence a tape-recorded conversation in which Gray asked government informant John Lewis, another baggage handler, whether the suitcase she was helping to smuggle contained a "white pregnant lady."  Lewis testified that he understood Gray to be asking whether the suitcase contained cocaine.  Lewis also testified that he was cooperating with the government as part of a plea agreement in a pending criminal case against him and that he was assisting authorities in gathering information about other smugglers in order to have his sentenced reduced.  On cross-examination, Lewis agreed that depending upon how favorable the U.S. Attorney's Office found his cooperation, he "could go all the way from spending the rest of [his] life in jail to spending no time at all in jail."

Following her conviction, Gray filed a motion for a new trial based on newly-discovered evidence that Lewis had lied to the Drug Enforcement Agency ("DEA") about circumstances surrounding the September 1997 administrative criminal seizure of money from a suitcase that Lewis's son had brought through Miami airport.  The district court denied Gray's motion, and this appeal followed.

On appeal, Gray argues that her post-trial discovery that Lewis had lied to DEA agents on a collateral matter years earlier warrants a new trial because the government relied on Lewis's testimony to establish that Gray believed that she was dealing with cocaine. We review a district court's denial of a defendant's motion for a new trial for abuse of discretion. See United States v. Jernigan, 341 F.3d 1273, 1287 (11th Cir. 2003). Upon review of the record and consideration of the parties' briefs, we discern no reversible error.

Federal Rule of Criminal Procedure 33 provides that a defendant may file a motion for a new trial on the basis of newly discovered evidence, and "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a), (b)(1). We have held that district courts should exercise "great caution" in granting a new trial based on newly discovered evidence. Jernigan, 341 F.3d at 1287 (quotation marks and citation omitted). To obtain a new trial on the basis of newly discovered evidence, a defendant must show that: (1) the evidence was in fact discovered following trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is of such nature that a new trial would probably produce a different result. United States v. Lee, 68 F.3d 1267, 1273 (11th Cir 1995). "The failure to satisfy any one

3

of these elements is fatal to a motion for new trial." Id. at 1274. As to elements one, two and four, neither party disputes that the evidence was discovered following trial or that Gray exercised due care to discover the evidence, and the government previously conceded that the newly discovered evidence was material to the credibility of Lewis as the government's cooperating witness.

However, as to the elements in dispute, Gray's arguments fail. First, as to element three, Gray did not show that the newly-discovered evidence is anything more than impeaching. See United States v. Riley, 211 F.3d 1207, 1208 (11th Cir. 2000), vacated in part on other grounds, 232 F.3d 844 (11th Cir. 2000) (holding that district court did not abuse its discretion in denying a new trial based on newly-discovered impeaching evidence as to a collateral matter). Second, as to element five, she failed to demonstrate how the newly discovered evidence would be likely to result in her acquittal given that the jury had heard a tape-recorded conversation in which Gray used the term "white pregnant lady" to describe the contents of the suitcase, and the jury was fully aware that Lewis had a pending criminal case and stood to gain a great deal by testifying favorably for the government. It is highly unlikely that knowledge that Lewis lied to DEA agents years earlier and before he was an informant about an unrelated matter would have resulted in Gray's acquittal. Accordingly, the district court did not abuse its discretion in denying

4

Gray's motion for a new trial.

**AFFIRMED.**